IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KEITH MANIGAULT,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. JKB-23-223 |
| **CAPITAL ONE, N.A.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending is Defendant Capital One, N.A.'s ("Capital One") Motion to Dismiss the above-captioned case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11.) The Motion is fully briefed, (ECF Nos. 13, 16), and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, the Motion will be granted.

### I.   *Factual and Procedural Background*

*Pro se* Plaintiff Keith Manigault is an African American resident of Baltimore, Maryland who opened a savings account with Capital One on January 18, 2019 by depositing a check for $2,800. (Compl., ECF No. 3., at 1, 5.) Plaintiff alleges that after he made the deposit, Capital One labeled him as a "[s]ecurity [r]isk" due to his race and notified him that his deposit of $2,800 would be seized until Capital One could verify his identity. (*Id.* at 4–5.) Plaintiff further alleges that Capital One denied him access to his deposit on February 11, 2019. (*Id.*) Plaintiff also alleges that, on February 21, 2019, a Capital One employee told him that Capital One might continue to withhold the deposit if Plaintiff's identity could not be verified. (*Id.*) Based upon these allegations, Plaintiff asserts five claims: (1) breach of contract; (2) violation of Title 12 of the United States

Code; (3) wire fraud; (4) defamation; and (5) discrimination on the basis of race.[1] (*Id.* at 4, 5.) Plaintiff seeks compensatory damages, the return of his deposit, and interest. (*Id.* at 1, 4, 6.)

Plaintiff commenced this case in the District Court of Maryland for Baltimore City on December 16, 2022. (*See generally id.*) After removing the case to this Court on January 27, 2023, (ECF No. 1), Capital One filed the instant Motion to Dismiss on February 24, 2023.[2] (ECF No. 11.) Capital One argues that: (1) Plaintiff fails to state viable discrimination, breach of contract, and defamation claims, and any such claims are untimely; (2) no private right of action exists to support Plaintiff's wire fraud claim; and (3) no private right of action exists to support Plaintiff's Title 12 claim. (Mem. Supp. Mot to Dismiss, ECF No. 11-1, at 3–8.)

## II.  *Legal Standards*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject-matter jurisdiction. "A defendant may raise a Rule 12(b)(1) issue in one of two ways." *Equal Rights Ctr. v. Abercrombie & Fitch Co.*, 767 F. Supp. 2d 510, 514 (D. Md. 2010). First, a defendant may dispute the jurisdictional allegations in the complaint, in which case the district court may "'go beyond the allegations of the complaint' and hold an evidentiary hearing to 'determine if there are facts to support the jurisdictional allegations.'" *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (citation omitted). Second, a defendant may contend that the complaint fails to allege facts upon which subject-matter

---

[1] Plaintiff styles his discrimination claim as a claim for "[r]acial [p]rofiling" but does not identify the statute under which he asserts this claim. (Compl. at 3.)

[2] In response, Plaintiff filed a "Motion to Strike" Capital One's Motion to Dismiss. (ECF No. 13.) "Motions to [s]trike are governed by Rule 12(f), which states that '[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *CX Reinsurance Co. Ltd. v. Johnson*, 325 F.R.D. 132, 135 (D. Md. 2018) (quoting Fed. R. Civ. P. 12(f)) (emphasis in original). Because Capital One's Motion "is not a pleading and therefore is not susceptible to a motion to strike," and because it "is not redundant, immaterial, impertinent, or scandalous," *id.*, the Court will deny Plaintiff's Motion to Strike by accompanying Order and construe it as a response in opposition to Capital One's Motion. *See Bourne v. CVS*, Civ. No. DLB-22-112, 2022 WL 3644199, at *2 (D. Md. Aug. 23, 2022) (construing a *pro se* motion to "strike" a motion to dismiss as a response in opposition).

jurisdiction can be based. *Id.* In this second scenario, the Court must grant the plaintiff the same protection to which she would be entitled under Rule 12(b)(6)—that is to say, the court takes all well-pleaded factual allegations as true. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Even so, the court is not obligated to assume that the plaintiff's legal conclusions or arguments are also true. *Stephenson v. Panera Bread, LLC*, Civ. No. PJM 14–700, 2014 WL 2436133, at *2 (D. Md. May 29, 2014).

While Rule 12(b)(1) is concerned with threshold jurisdictional defects, Rule 12(b)(6) is implicated when a plaintiff fails to state a plausible claim for relief. In analyzing a Rule 12(b)(6) motion, the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In addition, *pro se* plaintiffs are held to a "less stringent standard[]" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pled." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *Mwabira–Simera v. Thompson Hosp. Servs., LLP*, Civ. No. WMN–11–2989, 2012 WL 959383 at *3 (D. Md. Mar. 20, 2012). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure

3

up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

### *III. Analysis*

For the reasons explained below, Plaintiff fails to state a claim for wire fraud, and his Title 12, breach of contract, defamation, and discrimination claims are untimely. Accordingly, the Court will grant Capital One's Motion to Dismiss and dismiss the Complaint.

#### *A. Wire Fraud*

As an initial matter, Plaintiff fails to state a claim for wire fraud. Plaintiff asserts this claim pursuant to 18 U.S.C. § 1345, which details the circumstances in which the Attorney General of the United States may commence a civil action to enjoin fraud. *See* 18 U.S.C. § 1345. However, the statute contains no provision allowing a private citizen to commence such an action. *See id.* Accordingly, this Court has repeatedly held that no private right of action exists for wire fraud. *See Uhre v. Emmett A. Larkin Co.*, 205 F. Supp. 2d 475, 478 (D. Md. 2002); *Quasem v. Guidance Residential, LLC*, Civ. No. PJM 11-1836, 2012 WL 909297, at *3 (D. Md. Mar. 14, 2012). As such, Plaintiff's wire fraud claim must be dismissed.

#### *B. Expedited Funds Availability Act*

Plaintiff also alleges that Capital One violated Title 12 of the United States Code by failing to make his deposit "[r]eadily [a]vailable" for withdrawal. (Compl. at 5.) Though Plaintiff does not specify the section of Title 12 which confers this right of action, it appears that his claim is brought pursuant to the Expedited Funds Availability Act (the "EFAA"). *See* 12 U.S.C. §§ 4001–10. The EFAA was "[e]nacted to provide faster availability of deposited funds," sets forth "specific time periods in which depository banks must make deposits available for withdrawal, and makes banks civilly liable to individuals for damages incurred because of an EFAA violation."

*Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016). EFAA claims must be filed within one year of an alleged violation. *See* 12 U.S.C. § 4010(d) ("Any action under this section may be brought . . . within one year after the date of the occurrence of the violation involved.").

Here, Plaintiff alleges that Capital One improperly held his deposit in January and February of 2019. (Compl. at 5.) But Plaintiff did not commence this case until December 16, 2022—almost four years later. *(Id.* at 3.) As such, Plaintiff's EFAA claim is untimely. *See* 12 U.S.C. § 4010(d); *see also Taccino v. Act 1st Fed. Credit Union*, Civ. No. JKB-21-0840, 2021 WL 3566743, at *4 (D. Md. Aug. 12, 2021) (dismissing EFAA claim where plaintiff filed suit more than one year after being denied access to deposited funds), *appeal dismissed*, No. 21-2019, 2022 WL 2527000 (4th Cir. July 7, 2022). Accordingly, the Court must dismiss Plaintiff's EFAA claim.

### C. *Breach of Contract*

The Court must also dismiss Plaintiff's claim for breach of contract under Md. Code Ann., Com. Law § 22-701. (Compl. at 4.) As this Court has recognized, Section 22-701 "only appl[ies] to contracts for the sale of goods[.]" *Felder v. MGM Nat'l Harbor, LLC*, Civ. No. PJM 18-3405, 2019 WL 3860272, at *4 n.2 (D. Md. Aug. 15, 2019). Because Plaintiff does not allege the existence of a contract for the sale of goods in this case, this claim must be dismissed.

Moreover, even if Plaintiff intended to instead assert a common law claim for breach of contract, such a claim would not survive Capital One's Motion to Dismiss. "In Maryland, an action for breach of contract is generally governed by [a] three-year statute of limitations." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 962 (D. Md. 2019) (citing *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1105 (Md. 2004)). Because Plaintiff's Complaint was

filed almost four years from the date that his deposit was allegedly withheld, a breach of contract claim under Maryland common law would be untimely.

### D. Defamation

Plaintiff also asserts a defamation claim pursuant to 28 U.S.C. § 4101. (Compl. at 4.) However, "[a] claim for defamation is not a federal cause of action." *Levar v. Morris*, Civ. No. ELH-16-574, 2016 WL 827367, at *2 (D. Md. Mar. 3, 2016) (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)). Even if it were, the Court is unable to discern any right of action conferred by this statute, which simply defines "defamation" as it relates to defamation judgments rendered in other countries. *See* 28 U.S.C. § 4101; *see also id.* § 4102 (providing that "a domestic court shall not recognize or enforce a foreign judgment for defamation" except in certain circumstances). Plaintiff's Complaint does not allege the existence of any defamatory statements made outside the United States. As such, Plaintiff asserts no viable federal claim for defamation.

Construing Plaintiff's defamation claim under state, rather than federal law, does not salvage the claim. Maryland imposes a one-year statute of limitations on defamation claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105. "The limitations period begins to run on the date the statements are improperly communicated." *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014) (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297 (Md. 1995)). While Plaintiff alleges that Capital One defamed him by labeling him as a security risk in January of 2019, (Compl. at 4–5), he did not file the instant case until December of 2022—well past the expiration of this limitations period. As such, Plaintiff's defamation claim must be dismissed.

### E. Racial Discrimination

As a final matter, the Court must dismiss Plaintiff's racial discrimination claim. While Plaintiff does not specify the federal statute governing this claim, he premises the claim upon the

allegation that Capital One's withholding of his deposit constituted a breach of contract and was triggered by Capital One's racially-motivated designation of Plaintiff as a security risk. (Compl. at 4–5.) Given Plaintiff's allegations, the Court construes this claim as one under 42 U.S.C. § 1981, which "protects the equal right of '[a]ll persons' to 'make and enforce contracts' without respect to race . . . ." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470 (2006) (quoting 42 U.S.C. § 1981(a)).

However, "a complaint alleging a violation of § 1981 in Maryland must be brought within three years of the alleged misconduct." *Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004) (citing *Grattan v. Burnett*, 710 F.2d 160, 162–63 (4th Cir. 1983) *aff'd*, 468 U.S. 42 (1984)). As discussed above, Plaintiff did not file this case until nearly four years after Capital One allegedly breached its contract with Plaintiff. As such, the Court must dismiss this final claim as untimely.

### IV. Conclusion

For the foregoing reasons, an Order shall issue granting Capital One's Motion to Dismiss (ECF No. 11), denying Plaintiff's Motion to Strike (ECF No. 13), and directing the Clerk to close this case.

DATED this __8__ day of June, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge